UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS EMBRY, | ) | Case No. 3:08CV1006 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | JUDGE ANN ALDRICH |
| | ) | (Magistrate Judge McHargh) |
| CLIFFORD SMITH, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| | ) | |

McHARGH, Mag.J.

The petitioner Thomas Embry ("Embry") has filed a petition for a writ of habeas corpus arising out of his 2003 conviction for felonious assault, after a jury trial in the Lucas County (Ohio) Court of Common Pleas. (Doc. 1.) In his petition, Embry raises a single ground for relief:

> The trial and appellate courts erred to the prejudice of [petitioner] by imposing post release control which violates [his] right to due process, finality and the Sixth Amendment. The imposition also violates the ex post facto doctrine and the double jeopardy clause of the U.S. and Ohio Constitution.

(Doc. 1, at §12.A.) The respondent has filed an Answer/Return of Writ. (Doc. 7.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

In 2002, Vanessa Ferguson began dating appellant, Thomas Embry. On September 21, 2002, Ferguson and appellant traveled to various locations where appellant smoked crack cocaine. Their last stop was to the apartment of appellant's friend, Greta Pettaway. Ferguson and appellant got into an argument and appellant began beating Ferguson. Pettaway testified that she saw appellant hit and kick Ferguson repeatedly. Pettaway testified that another man at the house had to spray mace on appellant to get him to stop beating Ferguson. She eventually lost consciousness. As a result of the beating, Ferguson sustained severe head and facial injuries.

On November 1, 2002, appellant was indicted on one count of felonious assault, a violation of R.C. 2903.11(A)(1) and a felony of the second degree. A jury found him guilty on April 2, 2003. He was sentenced to serve seven years in prison.

(Doc. 7, RX 11, at 3; State v. Embry, No. L-03-1114, 2006 WL 367106, at *1-*2 (Ohio Ct. App. Feb. 17, 2006).)

On direct appeal, counsel for Embry filed a timely notice of appeal, but failed to file a brief in support, causing the appeal to be dismissed. (Doc. 7, RX 4-5.)

Embry filed a motion for a delayed re-opening of his appeal, on the basis that appellate counsel was ineffective for failing to file a brief. (Doc. 7, RX 6.) The state court of appeals granted his application for re-opening, and appointed counsel to represent him. (Doc. 7, RX 7; State v. Embry, No. L-03-1114, 2005 WL 280213 (Ohio Ct. App. Feb. 1, 2005).)

Counsel for Embry filed an Anders brief raising the following assignment of error:

2

> Defendant Appellant's sentence should be reversed as the trial court failed to comply with the mandates of [Ohio Rev. Code §] 2929.14 and they are not supported by the record.

(Doc. 7, RX 8.)  In addition, Embry himself filed a brief pro se, raising two assignments of error:

> 1.  The Trial Court erred in sentencing Appellant to more than the minimum sentence of imprisonment.
>
> 2.  The Bureau of Sentence Computation and Department of Rehabilitation and Corrections erred in applying post-release controls to Appellant pursuant to [Ohio Rev. Code §] 2967.28 without authority from the trial judge or per the U.S. Supreme Court's decisions in Blakely and Apprendi.

(Doc. 7, RX 9.)

The state court of appeals found that the trial court made no mention of post-release control sanctions, and remanded to the trial court for resentencing, in accordance with Ohio Rev. Code § 2967.28(B).  (Doc. 7, RX 11, at 6; Embry, 2006 WL 367106, at *3.)  The court found his other assignments of error to be without merit.

The trial court held a resentencing hearing, at which the court imposed a prison term of seven years, and notified Embry of post-release control pursuant to Ohio Rev. Code §§ 2929.19(B)(3) and 2967.28.  (Doc. 7, RX 12.)

Embry filed a timely notice of appeal (doc. 7, RX 13), and raised the following assignments of error:

> 1.  The trial court erred when it made findings as to why it was sentencing Mr. Embry to more than the minimum in violation of State v. Foster (2006), 109 Ohio St.3d 1.

3

> 2. Appellant-Defendant Thomas Embry's double jeopardy rights were violated when the trial court imposed post-release control upon Mr. Embry when he was not advised of this sanction at either his initial sentencing hearing on April 17, 2003, or in the subsequent judgment entry of sentencing of that date making this case distinguishable from State v. Jordan (2004), 104 Ohio St.3d 21.

(Doc. 7, RX 14.) The court of appeals affirmed the judgment of the lower court.

(Doc. 7, RX 16; State v. Embry, No. L-06-1134, 2007 WL 2216972 (Ohio Ct. App. Aug. 3, 2007).)

Embry then appealed to the Supreme Court of Ohio, raising the following propositions of law:

> 1. The trial and appellate courts erred to the prejudice of appellant by re-sentencing him to a non-minimum sentence pursuant to the "remedy" found in State v. Foster, which violates appellant's due process, and Sixth Amendment rights, and is plain error. The "remedy" also cannot be applied to appellant due to its violation of the ex post facto doctrine, and the separation of powers doctrines of the U.S. and Ohio Constitutions.
>
> 2. The trial and appellate courts erred to the prejudice of appellant by imposing post release control, which violates appellant's rights to due process, finality, and the Sixth Amendment. The imposition also violates the ex post facto doctrine, and the double jeopardy clause of the U.S. and Ohio Constitutions.

(Doc. 7, RX 18.) The court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 7, RX 19; State v. Embry, 116 Ohio St.3d 1475, 879 N.E.2d 783 (2008).)

Embry filed his petition for a writ of habeas corpus in this court on Apr. 18, 2008. (Doc. 1.)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Embry has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III.  POST RELEASE CONTROL

The petition is based on the theory that the imposition of post release control at his resentencing violates a number of Embry's constitutional rights:  the right to due process and finality, the Sixth Amendment, the Ex Post Facto Clause, and the Double Jeopardy Clause.  In support of this ground, Embry states:

> Petitioner was never originally sentenced to post release control in his original sentencing on April 17, 2003.  In January 2006, the Ohio Supreme Court ruled in Hernandez v. Kelly, 108 Ohio St.3d 385, that defendants in Petitioner's situation (not sentenced to post release control) did not have post release control.  The Sixth Appellate Court agreed on February 17, 2006.  However, the Trial Court resentenced Petitioner to post release control on March 23, 2006.  The increase in

6

sentence imposed by the Trial Court since Petitioner's sentence was already executed.  The Court could not rely on HB137 as authority to impose the increased sentence since it did not exist in March 2006.  Further, the NUNC PRO TUNC procedure could be [not] used as authority since that procedure can only correct on the journal an originally imposed sentence at the sentencing hearing.  It cannot be used to "fix" errors made by the judge's failure to impose a sentence, or his intention, but failure, to do so.

(Doc. 1, at §12.a.)

On appeal of his resentencing, Embry had argued that the post release control violated his expectation of finality, and hence the Double Jeopardy Clause of the Fifth Amendment.  (Doc. 7, RX 14, at [5].)

The state court of appeals found that "a recent Ohio Supreme Court case, State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353, [856 N.E.2d 263,] 2006-Ohio-5795 [2006], is dispositive of the issue raised" in his brief.  (Doc. 7, RX 16, at 7; Embry, 2007 WL 2216972, at *3.)  In Cruzado, the state high court found that the trial court had initially imposed sentence without regard to the statutory requirements, rending the putative sentence void, but because the sentence had not yet been completed at the time of the resentencing, "the trial judge had authority 'to correct the invalid sentence to include the appropriate, mandatory postrelease-control term.'"  Id. (quoting Cruzado).  The court of appeals found that "the trial court possessed the authority to correct [Embry's] invalid sentence that had not yet expired to include the three year mandatory term of postrelease control."  (Doc. 7, RX 16, at 8; Embry, 2007 WL 2216972, at *4.)

A.  Exhaustion and Procedural Default

The respondent contends that Embry's due process and ex post facto claims have been procedurally defaulted, because they were not exhausted on direct appeal.  (Doc. 7, at 9-11.)  Embry did not raise these claims before the court of appeals, although he later attempted to raise them in his memorandum in support of jurisdiction filed in the Supreme Court of Ohio.  Id. at 9-10; see generally doc. 7, RX 14 and 18.  The respondent argues that state high court will not consider a constitutional question which was not raised and argued in the lower courts.  Id.

A habeas petitioner cannot obtain relief on a claim unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).  A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules.  Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.  Where the petitioner failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim.  Adams v. Bradshaw, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007) (citing Buell, 274 F.3d at 349).

8

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

Embry did not raise his due process and ex post facto claims before the Ohio Court of Appeals. See generally doc. 7, RX 14. Because the claims were not raised there, they would be barred by the Ohio rule of res judicata. Lott v. Coyle, 261 F.3d 594, 611-612 (6th Cir. 2001), cert. denied, 534 U.S. 1147 (2002); Rust, 17 F.3d at 160-161; State v. Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); State v. Perry, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9). Res judicata would bar Embry from litigating an issue that could have been raised on direct appeal. Perry, 10 Ohio St.2d at 180, 226 N.E.2d at 108.

Although Embry attempted to raise the claims in his appeal to the Supreme Court of Ohio, that court does not consider a constitutional question which was not raised and argued in the lower courts. Leroy v. Marshall, 757 F.2d 94, 99 (6th Cir.),

9

cert. denied, 474 U.S. 831 (1985); Adams, 484 F.Supp.2d at 769; City of Wooster v. Graines, 52 Ohio St.3d 180, 185, 556 N.E.2d 1163, 1168 (1990) (citing cases); State v. Phillips, 27 Ohio St.2d 294, 302, 272 N.E.2d 347, 352 (1971).  Embry can no longer raise this claim in state court, as it would be barred on the basis of res judicata.  Leroy, 757 F.2d at 99.

The Ohio rule of res judicata satisfies the first three factors in Maupin. Jacobs, 265 F.3d at 417.  The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

Because Embry has not shown cause, it is unnecessary to consider the issue of prejudice.  Murray, 477 U.S. at 494; Shabazz v. Ohio, 149 F.3d 1184, 1998 WL 384559, at *1 (6th Cir. June 18, 1998) (TABLE, text in WESTLAW).  The due process and ex post facto claims have been procedurally defaulted.

### B.  Double Jeopardy Clause

The argument that post release control violated Embry's expectation of finality, and the Double Jeopardy Clause of the Fifth Amendment, was raised by Embry in the state court.  (Doc. 7, RX 14, at [5].)  The state court of appeals found that the Ohio Supreme Court's decision in Cruzado, 111 Ohio St.3d 353, 856 N.E.2d

10

263, was dispositive of the issue.  (Doc. 7, RX 16, at 7; Embry, 2007 WL 2216972, at *3.)

Cruzado was "an original action for a writ of prohibition to vacate an entry resentencing a criminal defendant."  Cruzado, 111 Ohio St.3d at 354, 856 N.E.2d at 264.  The court denied the writ, and ruled that the trial judge did not lack jurisdiction to correct the defendant's sentencing entry before his journalized sentence had expired.  Id. at 359, 856 N.E.2d at 264.  The court in Cruzado did not explicitly rule on the defendant's double jeopardy claim, finding that double jeopardy claims are not cognizable in prohibition.  Id.

Similarly, the court of appeals here found that the trial court possessed the authority to correct the invalid sentence, which had not yet expired, to include the mandatory term of postrelease control.  (Doc. 7, RX 16, at 8; Embry, 2007 WL 2216972, at *4.)

Although Embry raised a federal constitutional issue, the state court did not rely on federal law in ruling on his claim.  Thus, the issue is whether the state court's ruling was contrary to Supreme Court precedent on the double jeopardy issue.  A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price, 538 U.S. at 640.

The Double Jeopardy Clause of the Fifth Amendment protects a defendant from being placed in jeopardy twice for the same offense, Arizona v. Washington,

11

434 U.S. 497, 503 (1978) (citing Benton v. Maryland, 395 U.S. 784 (1969)), and from multiple punishments for the same offense, North Carolina v. Pearce, 395 U.S. 711, 717 (1969); State v. Beasley, 14 Ohio St.3d 74, 75, 471 N.E.2d 774, 775 (1984) (per curiam) (citing Benton).

The respondent points out that the Supreme Court denied a double jeopardy claim similar to Embry's in Bozza v. United States, 330 U.S. 160 (1947), a non-habeas case. (Doc. 7, at 16.) In Bozza, the district court had sentenced the defendant to a term of imprisonment, but neglected to impose a statutorily-mandated fine. Bozza, 330 U.S. at 165-166. In a separate proceeding, the judge recalled the defendant and imposed the fine. Id. The petitioner argued that "correction of this sentence so as to make it lawful increases his punishment." Id. at 166. The Supreme Court reasoned that the trial court had set aside an invalid sentence in order to impose a sentence "required by the law to be done upon the conviction of the offender." Id. at 167. The Court ruled that the trial court "did not twice put petitioner in jeopardy for the same offense. The sentence as corrected, imposes a valid punishment for an offense instead of an invalid punishment for that offense." Id.

More recently, the Supreme Court has found that the Double Jeopardy Clause does not extend to noncapital sentencing proceedings. Monge v. California, 524 U.S. 721, 724 (1998); United States v. Corrado, 227 F.3d 543, 549-550 (6th Cir. 2000). The Court rejected the finality argument, stating that the pronouncement of sentence "simply does not 'have the qualities of constitutional finality that attend

12

an acquittal.'" Id. at 729 (quoting United States v. DiFrancesco, 449 U.S. 117, 134 (1980)). The Court also noted that Double Jeopardy Clause "does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." Id. at 730 (quoting DiFrancesco, 449 U.S. at 137). Embry does not point to any Supreme Court caselaw which would indicate that the imposition of post release control on resentencing is unconstitutional. See generally Hernandez v. Wilkinson, No. 1:06CV158, 2006 WL 3420186, at *12 (N.D. Ohio Nov. 27, 2006) (Section 1983 case, finding no federal courts have ruled that imposition of post release control violates Constitution).

In his brief on appeal, Embry discussed the cases of State v. Jordan, 104 Ohio St.3d 21, 817 N.E.2d 864 (2004), and Hernandez v. Kelly, 108 Ohio St.3d 395, 844 N.E.2d 301 (2006). (Doc. 7, RX 14, at [5-6].) He argued that, under Hernandez, "the trial court was without power to impose post-release control sanctions under the Double Jeopardy Clause," unless his initial sentence was void. Id. at 6.

The Supreme Court of Ohio recently discussed the Jordan, Hernandez, and Cruzado cases:

> In State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, we considered the consequences of a trial court's failure to advise an offender about postrelease control at the sentencing hearing. Id. at ¶ 1. Applying Beasley, we held that "[b]ecause a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing, any sentence imposed without such notification is contrary to law" and void.[1] Id. at ¶ 23.

---

[1] [In Beasley, the court had found that jeopardy does not attach to a void sentence, and thus the trial court's imposition of the correct sentence did not

13

> We again confronted a sentencing court's failure to notify an offender or incorporate postrelease control into its sentencing entry in Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301; however, discovery of the sentencing error did not occur until after the offender had been released from prison, placed on postrelease control by the parole board, and subsequently reimprisoned for violating the terms of postrelease control. Id. at ¶ 5-7, 10. We granted Hernandez a writ of habeas corpus in conformity with our decisions in Jordan and Woods, holding that the parole board lacked authority to impose postrelease control because the trial court had failed to notify the offender of postrelease control or to incorporate it into the sentencing entry, and Hernandez had finished serving that sentence at the time the error was discovered. Id. at ¶ 32.
>
> Following Hernandez, we denied a petition for a writ of prohibition to vacate a resentencing entry imposing a mandatory period of postrelease control. State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 1. In contrast to Hernandez, the court discovered the sentencing error before the inmate completed serving the sentence and therefore conducted a resentencing hearing and imposed a mandatory three-year period of postrelease control. Id. at ¶ 9-11. Citing Beasley and Jordan, and distinguishing Hernandez on the basis that Cruzado had not yet completed his sentence, we held that the trial court did not patently and unambiguously lack jurisdiction to correct the sentence. Id. at ¶ 19-28, 32.

State v. Bloomer, 122 Ohio St.3d 200, 201-202, 909 N.E.2d 1254, 1258 (2009).

Here, the state court found that "the trial judge made no mention of post-release control sanctions at either the sentencing hearing or in the judgment entry," contrary to Ohio law. (Doc. 7, RX 11, at 6; Embry, 2006 WL 367106, at *3.) Thus, the case was remanded for resentencing consistent with the statutory requirements. Id. Under Ohio law, then, Embry's initial sentence was void as contrary to state law. Bloomer, 122 Ohio St.3d at 205-206, 909 N.E.2d at 1261. His underlying

---

constitute double jeopardy. Beasley, 14 Ohio St.3d at 75, 471 N.E.2d at 775.]

14

conviction was not disturbed.  Because Embry had not completed his sentence at the time of his resentencing (doc. 7, RX 16, at 8; Embry, 2007 WL 2216972, at *4), Hernandez v. Kelly would not be applicable.  Bloomer, 122 Ohio St.3d at 202, 909 N.E.2d at 1258.

However, these are issues of state law,[2] and despite Embry's invocation of the Double Jeopardy Clause, there is no indication that any of the cases discussed above are "contrary to" clearly established Supreme Court precedent, in the sense that the state court applied a rule that contradicts the governing law set forth in relevant Supreme Court cases concerning the Double Jeopardy Clause.  Williams, 529 U.S. at 405.  The Double Jeopardy Clause does not extend to noncapital sentencing proceedings.  Monge, 524 U.S. at  724; Corrado, 227 F.3d at 549-550.

## IV.  SUMMARY

The petition for a writ of habeas corpus should be denied.  The due process and ex post facto aspects of Embry's claim have been procedurally defaulted.  As to the double jeopardy claim, Embry has failed to demonstrate that the state court's judgment resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court.

---

[2]  Federal habeas relief is not available for a claimed violation of state law.  See Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

RECOMMENDATION

It is recommended that the petition be denied.


Dated: Nov. 4, 2009              /s/ Kenneth S. McHargh
                                 Kenneth S. McHargh
                                 United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).